IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No:_____

MARK J. CLARK,             )
    Plaintiff,              )
                           )
vs.                        )
                           )     **COMPLAINT**
REGINA HABLADO and         )
BROWNHILL EXCAVATING,      )
    Defendants.            )

**NOW COMES** the Plaintiff, by and through counsel, complaining of the defendants, and alleges and says as follows:

1. At all relevant times herein, the Plaintiff, MARK J. CLARK was a citizen and resident of Erie County, New York and he was the owner and operator of a 2013 GMC vehicle, VIN 2GKALYEK2D6189322 bearing Florida license plate number BQMC93.

2. At all relevant times herein, the Defendant, REGINA HABLADO (hereinafter referred to as defendant driver) was, upon information and belief, a citizen and resident of the province of Ontario, Canada.

3. At all relevant times herein, the Defendant, BROWNHILL EXCAVATING (hereinafter referred to as defendant owner) is, upon information and belief, a foreign business corporation, authorized and existing pursuant to the laws of the Province of Ontario, Canada, with principle offices located at 22381 Highway 48, Mt. Albert, Ontario L0G1M0.

4. At all relevant times herein, the Defendant, BROWNHILL EXCAVATING, was the owner of a 2003 Jeep vehicle, VIN 1J4GL48K23W562948 bearing Ontario, Canada license plate number BHWZ388.

5. At all relevant times herein, the Defendant, REGINA HABLADO, was the operator of a 2003 Jeep vehicle, VIN 1J4GL48K23W562948 and bearing Ontario, Canada license plate number BHWZ388.

6. That on January 11, 2014 at approximately 6:00 p.m., Plaintiff MARK J. CLARK was operating the motor vehicle referenced in paragraph no. 1, northbound on Interstate 77 in the Town of Statesville, County of Iredell and State of North Carolina when he was struck in the rear by the vehicle referenced in paragraph 5, which was being operated in the same direction by the defendant driver.

7. That at the time and place and on the occasion herein in question, the Plaintiff was driving the vehicle referenced in paragraph no. 1 in a northerly direction on I-77 in the municipality of Statesville, Iredell County, North Carolina .30 miles south of SR 2321.

8. That at the time and place and on the occasion herein in question, the defendant driver was driving the vehicle referenced in paragraph no. 5 in a northerly direction on I-77 in the municipality of Statesville, Iredell County, North Carolina .30 miles south of SR 2321.

9. That at the time and place and on the occasion herein in question, I-77 was a four (4) lane highway, having two (2) lanes for traffic traveling in a northerly direction and

two (2) lanes for traffic traveling in a southerly direction with the northbound and southbound traffic lanes being separated by guardrails.

10. That at the time and place and on the occasion herein in question, defendant driver was following too closely to plaintiff's vehicle and struck said vehicle in the rear-end.

11. As a direct and proximate result of the collision and the negligence of the defendants, the plaintiff sustained severe and permanent injuries to his low back requiring surgery.

12. The plaintiff is informed and believes and, therefore, alleges that the said 2003 Jeep vehicle, VIN 1J4GL48K23W562948 bearing Ontario, Canada license plate number BHWZ388 being operated by the defendant driver was, at the time and place and at all times herein in question, owned by the defendant owner.

13. The plaintiff is informed and believes and, therefore, alleges that at the time and place and at all times herein in question the defendant driver was the agent and employee of the defendant owner and was operating said 2003 Jeep vehicle, VIN 1J4GL48K23W562948 bearing Ontario, Canada license plate number BHWZ388 with the knowledge, approval and consent, express or implied, of defendant owner.

14. The plaintiff is informed and believes and, therefore, alleges that at the time and place and at all times herein in question, the defendant driver was operating said 2003 Jeep vehicle, VIN 1J4GL48K23W562948 bearing Ontario, Canada license plate number BHWZ388 within the course and scope of her employment and in furtherance of the interests of defendant owner, and as an agent of defendant owner pursuant to N.C.G.S. §20-71.1 and under general principles of agency.

15. The defendant driver, individually and as agent of the defendant owner, under the doctrine of respondeat superior, was negligent in that defendant driver:

   a. Failed to keep and maintain a reasonably careful and proper lookout;
   b. Failed to keep her vehicle under reasonable and proper control;
   c. Failed to keep a reasonable and proper distance between her vehicle and plaintiff's vehicle;
   d. Failed to stop and yield the right of way to plaintiff's vehicle;
   e. Followed too closely to plaintiff's vehicle in violation of N.C.G.S. § 20-152.

16. That the aforesaid acts of negligence on the part of the defendant driver were violations of her statutory duty to operate said vehicle in a safe and lawful manner such that her conduct constitutes negligence *per se*.

17. That the aforesaid conduct of the defendant driver violated her duty to operate a motor vehicle in a reasonable and prudent manner with due regard to the rights and safety of others, such as the plaintiff, using the streets and highways such that the defendant's conduct constitutes ordinary negligence.

18. That as a direct and proximate result of the collision and the negligence of the defendants, the plaintiff has suffered injury, trauma, severe pain and suffering of body and mind, and continues to suffer great pain.

19. That as a direct and proximate result of the aforesaid acts of negligence of the defendants, the plaintiff has had to undergo medical treatment, care and attention, and

has incurred expenses for hospital and medical care and will incur future costs for medical care and treatment.

20. As a direct and proximate result of the negligence of the defendants, the plaintiff has been injured and damaged in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

21. The United States District Court for the Western District of North Carolina has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a) because of complete diversity of citizenship between Plaintiff and Defendants.

22. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

23. That pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the United States District Court of the Western District of North Carolina, because this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

**WHEREFORE**, the plaintiff prays the Court:

1) That he have and recover from the defendants, jointly and severally, compensatory damages for personal injuries in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

2) That all issues of fact in this case be tried by a jury.

3) That the plaintiff be awarded pre-judgment interest at the legal rate from the date of the filing of this Complaint and post-judgment interest as provided by law.

4) That the plaintiff have and recover from the defendants the costs of this action, including reasonable attorney's fee.

5) For such other and further relief as to the Court may seen just and proper

This the 4th day of January, 2017.

*s/* SAMUEL B. WINTHROP
WINTHROP & WINTHROP
N.C. STATE BAR 16896
706 HARTNESS ROAD (ZIP - 28677)
P.O. BOX 964 (ZIP - 28687)
STATESVILLE, NORTH CAROLINA
(704) 872-9544

6

STATE OF NEW YORK)
COUNTY OF ERIE)        ss.:

MARK J. CLARK, being duly sworn, deposes and says:

That he is the plaintiff in the foregoing action; that he has read the foregoing Complaint and knows the contents thereof; that the same is true of his own knowledge, except as to those matters therein stated upon information and belief; and as to those he believes are to be true.

_____
MARK J. CLARK, Plaintiff

Sworn to before me this
____ day of December, 2016

_____
NOTARY PUBLIC

HEATHER M. KLING
NOTARY PUBLIC, STATE OF NEW YORK
No. 01KL6071318
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MARCH 18, 20__

7